IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00598-LTB-MEH

COLORADO CROSS-DISABILITY COALITION, a Colorado non-profit Corporation,
TIMOTHY J. COENEN,
JULIE REISKIN,
LORAINE A. JOHNSON,
BARBARA MOCZYGEMBA, and
EILEEN HOPE KRAUSE,

       Plaintiffs,

v.

GREYHOUND LINES, INC., a Delaware corporation,
CUSA PRTS, LLC, d/b/a POWDER RIVER TRANSPORTATION, a Delaware corporation,
BURLINGTON STAGE LINES, LTD., d/b/a BURLINGTON TRAILWAYS, an Iowa corporation, and
TEXAS, NEW MEXICO and OKLAHOMA (TNM&O) COACHES, INC., a Delaware corporation,
BUSCO, INC., d/b/a ARROW STAGE LINES, a Nebraska corporation,

       Defendants.

---

**STIPULATED PROTECTIVE ORDER CONCERNING PRE-DISCOVERY DISCLOSURES OF CONFIDENTIAL INFORMATION**

---

THE COURT adopts the following protective order pursuant to the stipulation of all parties in this lawsuit.

**1.**    **Background**

In the interest of facilitating the parties' exploration of the possibilities for a resolution of the lawsuit by settlement, plaintiffs' attorneys and plaintiffs have requested, and defendants have agreed, to provide the opportunity for plaintiffs' attorneys and plaintiffs to read or view materials that contain or may contain information that is

proprietary to the defendant that is producing it.

**2. Scope**

This protective order covers information and documents within the subject matter delineated below:

i. The handling of requests for lift-equipped buses;

ii. Notification to connecting bus companies of the need for a bus with a wheelchair lift;

iii. Driver training with respect to ADA compliance, including, but not limited to, working with passengers who use wheelchairs, operation of accessible features, and handling and storage of mobility aids;

iv. The provision of alternative transportation;

v. Inspection and maintenance of lifts on buses; and

vi. The total number of buses in each defendant's current fleet and the total number of those buses that are equipped with wheelchair lifts.

**3. Mechanics**

Documents to be provided include any "document" as provided in Fed. R. Civ. P. 34(a).

To designate a particular document as confidential and have it be subject to the provisions of this protective order, the defendant shall either stamp or lightly watermark the document with the following notice: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – DO NOT COPY." The stamp or watermark shall be affixed in such a way that legibility is preserved.

If any materials provided under this protective order consist of tapes or other electronic media, the defendant will label the tape or electronic media or their containers with the same language as above.

### 4.      Number of Copies and Non-Duplication

Each defendant will provide two copies of printed materials and one copy of any tapes or electronic media they are designating as confidential. The paper copies will be provided to Kevin Williams, Esq. of the Colorado Cross-Disability Coalition and the other set to Timothy Fox, Esq., of Fox & Robertson. The single copy of any tapes or electronic media covered by this order shall be given to Kevin Williams, Esq. Documents, tapes and electronic media so designated shall not be further duplicated or disseminated.

### 5.      Confidentiality

Absent further order of the Court, or an agreement in writing signed by the attorneys for the parties whose documents, tapes or electronic media are the subject of a proposed change in status, any materials so designated shall be treated as confidential, not subject to disclosure to or discussion with anyone other than the following persons: (a) a named plaintiff; (b) an attorney of record representing a plaintiff; (c) an attorney of record for the defendant that produced the confidential information; (d) private communications with the U.S. Magistrate Judge and his staff handling this case in the context of a settlement conference.

### 6.      Timing of Confidential Material Return

Within thirty days after being furnished the materials covered by this order, plaintiffs' counsel shall have all copies of such materials returned to the attorney who represents the defendant that produced that particular defendant's confidential information.

### 7. Application of Protective Order to Pre-Discovery Settlement Activities Only

This Protective Order covers defendants' provision of pre-discovery documents in which defendants claim a proprietary interest for the purpose of attempting to settle this case. If the case does not settle or otherwise resolve within the thirty-day inspection period established by this order, plaintiffs' counsel will return each defendant's materials provided under this Order to the attorney who represents the defendant that produced the confidential materials and the parties will request a new protective order be issued governing discovery in this action.

DATED this 31st day of October, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge